CERTIFIED TRUE COPY
ATTEST: RAVI SUBRAMANIAN
Clerk, U.S. District Court
Western District of Washington

By
                                    Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEOVILAYVANH RINTHALUKAY,<br><br>Defendant. | NO.   CR23-013 JLR<br><br>**INFORMATION** |

The United States Attorney charges that:

## <u>COUNT 1</u>

### *(Willful Failure to Pay Over Tax)*

At all times relevant to this Information:

**A.     Background**

1.     Simply Thai USA, Inc. was a corporation doing business in Tukwila, Washington, which is within the Western District of Washington.

2.     Simply Thai USA, Inc. was a restaurant.

3.     The defendant, KEOVILAYVANH RINTHALUKAY, was a governor of Simply Thai USA, Inc., and its registered agent.

4.     KEOVILAYVANH RINTHALUKAY also owned and operated Simply Thai USA, Inc., and acted as Simply Thai USA, Inc.'s general manager. He exercised

control over every aspect of Simply Thai USA, Inc.'s business affairs, including

approving payments by the restaurant and controlling the restaurant's bank accounts.

**B.     Employment Tax Withholding**

5.     Simply Thai USA, Inc. withheld taxes from its employees' paychecks,

including federal income taxes, and Medicare and Social Security taxes (collectively,

"payroll taxes").

6.     Simply Thai USA, Inc. was required to make deposits of the payroll taxes

to the Internal Revenue Service on a periodic basis. In addition, Simply Thai USA, Inc.

was required to file, following the end of each calendar quarter, an Employer's Quarterly

Federal Income Tax Return on Form 941, setting forth the total amount of wages and

other compensation subject to withholding, the total amount of income tax withheld, the

total amount of Social Security and Medicare taxes due, and the total tax deposits.

7.     As owner and general manager of Simply Thai USA, Inc.,

KEOVILAYVANH RINTHALUKAY was a "responsible person," that is, he had the

corporate responsibility to collect, truthfully account for, and pay over Simply Thai USA,

Inc.'s payroll taxes.

8.     Throughout the calendar years 2015, 2016, 2017, 2018, and 2019, Simply

Thai USA, Inc. withheld tax payments from its employees' paychecks. Beginning no

later than the first quarter of 2015, however, Simply Thai USA, Inc. made no payments to

the Internal Revenue Service that were due.

9.     Beginning no later than the first quarter of 2015, Simply Thai USA, Inc.

further failed to file quarterly employment tax returns with the Internal Revenue Service.

Each Form 941 was due to be filed at the end of the month following the end of each

calendar quarter.

**C.     Willful Failure to Pay Over Tax**

10.     On or about January 31, 2020, in King County, in the Western District of

Washington, the defendant, KEOVILAYVANH RINTHALUKAY, did willfully fail to

truthfully account for and pay over to the Internal Revenue Service all of the federal

Information/Rinthalukay - 2
USAO 2021R01061

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

income taxes withheld and Federal Insurance Contributions Act taxes due and owing to the United States on behalf of Simply Thai USA, Inc. and its employees for the quarter ending December 31, 2019.

All in violation of Title 26, United States Code, Section 7202.

## **FORFEITURE ALLEGATION**

The allegations contained in Count 1 of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture.  Upon conviction of the offense alleged in Count 1, KEOVILAYVANH RINTHALUKAY shall forfeit to the United States, pursuant to Title 26, United States Code, Section 7302, by way of Title 28, United States Code, Section 2461(c), any property used or intended to be used to facilitate the offense.

**Substitute Assets.** If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

        a.     cannot be located upon the exercise of due diligence;

        b.     has been transferred or sold to, or deposited with, a third party;

        c.     has been placed beyond the jurisdiction of the Court;

        d.     has been substantially diminished in value; or,

        e.     has been commingled with other property which cannot be divided without difficulty,

//

//

//

1  it is the intent of the United States to seek the forfeiture of any other property of the

2  defendant, up to the value of the above-described forfeitable property, pursuant to

3  Title 21, United States Code, Section 853(p).

4

5        DATED this 27th day of January, 2023.

6

7

8

9  *Sarah Y. Vogel, for*

10  NICHOLAS W. BROWN
    United States Attorney

11

12  *TWoods*

13  THOMAS M. WOODS
    Assistant United States Attorney

14

15  *Philip Kopczynski*

16  PHILIP KOPCZYNSKI

17  Assistant United States Attorney

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970